**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Case No. 25-cr-472 (PAM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Thomas Lee Gerlach, | |
| Defendant. | |

---

This matter is before the Court on Defendant Thomas Lee Gerlach's Motion for Discovery (ECF No. 36), Motion for Disclosure of Concerned Citizen (ECF No. 40), and Motion to Compel Disclosure of Evidence Favorable to the Defendant (ECF No. 41) ("Motions"). The Court heard the parties' oral arguments on the Motions on May 6, 2026 ("Motions Hearing"). (ECF No. 47.) Based on the parties' written submissions and oral arguments, and on the entire file, the Court enters the following order.

## I.    MOTION FOR DISCOVERY

For the reasons stated on the record at the Motions Hearing, Defendant's Motion for Discovery (ECF No. 36) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant's request for information regarding the immigration status of "JDMM", a material witness to the incident, is **GRANTED**.

2. Defendant's request for JDMM's Alien File ("A-file") is **GRANTED IN PART**:

   a. The Government shall produce those portions of JDMM's A-file that may have impeachment value if the Government identifies JDMM as a potential witness.

1

    b. If the Government identifies JDMM as a potential witness, Government counsel shall review the entire A-file and disclose those parts of the A-file that may constitute impeachment evidence. The parties shall meet and confer regarding which parts of the A-file will be disclosed and may bring any disputes to the Court if necessary.

3. Defendant's request for information regarding the identity, contact information and full reports regarding the "Concerned Citizen" is **GRANTED IN PART**:

    a. The Government shall produce this information if it identifies Tony Case, the subject of the "Concerned Citizen's" statement, as a potential trial witness.

    b. In that event, the Government shall produce information responsive to this request subject to a protective order to be negotiated between the parties and presented to the Court, unless the Government determines that a protective order is unnecessary.

4. Defendant's request for the St. Paul Police Department file under case number 25-162702, relating to the report of the earlier theft of the firearm charged in the Indictment, is **GRANTED**. The Government has agreed to produce this file and is ordered to do so as soon as practicable.

5. The Government shall produce all other evidence that it has agreed to produce as soon as practicable.

6. Insofar as Defendant seeks an order as to any unspecified additional evidence the Government may be required to produce under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), or other rules, the motion is **DENIED**

as **MOOT**.   The Court's Pretrial Scheduling Order (ECF No. 17) previously addressed such discovery and Defendant proffers no grounds for reconsideration.

7. The Motion for Discovery is otherwise **DENIED**.

## II.     MOTION FOR DISCLOSURE OF CONCERNED CITIZEN

For the reasons stated on the record at the Motions Hearing, Defendant's Motion for Disclosure of Concerned Citizen (ECF No. 40) is **GRANTED IN PART** and **DENIED IN PART** as set forth in paragraph I(3) above.

## III.    MOTION TO COMPEL DISCLOSURE OF FAVORABLE EVIDENCE

For the reasons stated on the record at the Motions Hearing, Defendant's Motion to Compel Disclosure of Evidence Favorable to the Defendant (ECF No. 41) ("Motion to Compel") is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant's request for information as set forth in Paragraph 4 of the Motion to Compel is **GRANTED IN PART** to the extent ordered above.

2. The Motion to Compel is **GRANTED** insofar as disclosure of the requested information is required pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

3. The Motion to Compel is otherwise **DENIED**.

**SO ORDERED**.

Dated: May 7, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge