UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Thomas Lee Gerlach,

Defendant.

Crim. No. 25-472 (PAM/DJF)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Dulce J. Foster dated July 22, 2026. (Docket No. 61.) In the R&R, Judge Foster recommended denying Defendant Thomas Lee Gerlach's Motion to Suppress Evidence Obtained as a Result of Search and Seizure. Gerlach timely objected to the R&R and the Government responded to his objections. (Docket Nos. 62, 63.) The matter is ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

The factual background in this matter is set forth in the thorough R&R and will not be repeated here. In brief, Gerlach objects to the seizure of data from two cell phones pursuant to a state search warrant and the subsequent search of that data pursuant to a federal warrant.

**DISCUSSION**

Gerlach argues that the state search warrant was overbroad and thus that the photographs and videos obtained from the cell phones must be suppressed. The R&R

correctly concluded that the state search warrant authorized the extraction of the cell phone data, including the photographs and videos. Indeed, officers found both phones near the driver's seat in the car that Gerlach was believed to have driven to the location of the shooting and therefore reasonably assumed that Gerlach "had control of" the phones. (R&R at 16.) It was thus reasonable for law enforcement officers to believe that either Gerlach or the other passenger, Jose Martinez Mejia, used a phone to communicate with the shooter. (Id. at 17.) Magistrate Judge Foster also concluded that the warrant "establish[ed] reason to believe that there were communications between Mr. Gerlach and Rochelle Brown or the shooter, and that these messages would explain whether the meeting that led to the shooting was prearranged and the reasons why it occurred." (Id. at 17-19.) Judge Foster therefore found that probable cause existed to search the phones for any communications between Gerlach and Brown or her associates. (Id. at 17.)

Despite that the R&R concluded that the state search warrant was overbroad in that it did not establish a likelihood that the phones contained evidence that Gerlach possessed "the FNH 57 firearm . . . or any other firearms that he is ineligible to have," the R&R further reasoned that the search warrant was not overbroad in authorizing "a complete dump of the phones' contents, including web history, GPS data, calendars, social media, internet activity, and 'anything else the police might find,'" because any of that data could have reasonably contained evidence related to the shooting. (Id. at 19 (quoting Docket No. 44 at 5).) Therefore, the Court agrees with the R&R's conclusion that because the state search warrant established probable cause to believe that the cell phones contained evidence of the shooting, the warrant supported the data extraction. Moreover, as the R&R

explained, no search was conducted pursuant to the data exacted under the state search warrant.

Gerlach's criticism of the R&R's application of Armstrong is unpersuasive. See United States v. Armstrong, Crim. No. 23-324, 2024 WL 2894273 (D. Minn. Mar. 12, 2024) (Brisbois, M.J.), R&R adopted, United States v. Sam, Crim. No. 23-324(2), 2024 WL 2354593 (D. Minn. May 23, 2024) (Brasel, J.). Armstrong fundamentally differs from this case because the second search warrant in Armstrong relied on information discovered outside of the temporal limits allowed by the first warrant. See id. at *29-30. Here, the affidavit for the federal search warrant did not rely on information discovered pursuant to the state court warrant. Gerlach's objection regarding Armstrong fails.

Gerlach characterizes the state search warrant as "constitutionally defective," contending that "it should not have authorized the extraction of photographs and videos at all." (Def.'s Objs. (Docket No. 62) at 7.) He therefore objects to the Magistrate Judge's analysis of Mulamba, in which cell phone data was extracted pursuant to a state search warrant, and law enforcement later "applied a temporal filter to the data" before searching it. See United States v. Mulamba, No. 4:21-CR-40153-KES, 2025 WL 481011, at *7 (D.S.D. Feb. 13, 2025). The Mulamba court determined that law enforcement complied with the search warrant's scope. Id. Here, the R&R correctly applied the principle from Mulamba in finding that "a complete forensic extraction exceeding the scope of a warrant is permissible so long as the subsequent search of the data remains within the permissible scope of a warrant." (R&R at 20.) Additionally, Fed. R. Crim. P. 41 permits precisely this type of data extraction. See Fed. R. Crim. P. 41(e)(2)(B) ("A warrant . . . may authorize

the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant.”). Gerlach’s objections regarding the state search warrant fail.

Gerlach’s argument that the federal search warrant failed to establish probable cause for the data search lacks merit. The R&R described that the federal search warrant affidavit “expand[ed] significantly” on the facts included in the state search warrant, stated that neither Gerlach’s nor Mejia’s DNA could be excluded from the handgun, explained a motive for the shooting, “confirmed Mr. Mejia’s statement that Mr. Gerlach had a gun during the shooting incident,” and detailed the affiant’s training and experience regarding cell phones and firearm possession. (Id. at 21-22.) Notably, the federal search warrant did not rely on any information found pursuant to the state search warrant. Therefore, the R&R rightly determined that the federal search warrant affidavit established probable cause to search the data extracted from the cell phones.

Finally, as Judge Foster found, the good faith exception no doubt applies. See United States v. Leon, 468 U.S. 897, 922-23 (1984). The good faith exception allows law enforcement to execute a search warrant unless the issuing judge “wholly abandoned his judicial role,” the application was “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,” the judge was misled by information the officer “knew was false or would have known was false except for his reckless disregard of the truth,” or the warrant was “facially deficient.” Id. (quotation omitted).

Gerlach fails to establish that any of those situations apply here, and his objection as to the good faith exception is overruled.

Gerlach is not entitled to suppression of the evidence. The Court adopts the R&R.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Court **ADOPTS** the R&R (Docket No. 61); and

2. Defendant Thomas Lee Gerlach's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Docket No. 43) is **DENIED**.

Dated: September 15, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge